## GLENWOOD INDUSTRIAL DISTILLING CO. v. DORAN et al.

District Court, E. D. Pennsylvania. February 13, 1929.

No. 4901.

Michael Serody, of Philadelphia, Pa., for plaintiff.

R. H. Woolsey and George W. Coles, U. S. Atty., both of Philadelphia, for defendants.

DICKINSON, District Judge. We think we have fulfilled the duty of a court when we rule the legal questions presented in a cause. Counsel should take care of the formalities.

We have ruled in the Del Mar Case, 30 F.(2d) 400, that a permit to manufacture the "articles" enumerated in section 4 of title 2, National Prohibition Act (27 USCA § 13), is not limited to a year, and, when once issued, can be revoked only as the act of Congress prescribes. Along with this ruling is the other that a permit to manufacture "liquor" is by the act of Congress (with or without a corresponding regulation) limited to a year's duration. It would seem that counsel could readily agree upon whether a given permit belonged to one class or the other, instead of asking the court to decide such a question.

We are by no means sure that we have the right understanding of the fact situation in the instant case, but, as we understand it, the permittee held three permits, one to operate a bonded warehouse, another to operate an industrial alcohol plant, and the third to manufacture denatured alcohol as an "article" product of the section 4 type. It would appear that when the permits issued they were all deemed to be of the same class, as they are all of the same form, and incidentally all state that they are to be in effect until surrendered or revoked. The fact is of no importance except as an expression of the then opinion of the permit authorities. We have ruled that there is no time limitation of a denatured alcohol permit. Are bonded warehouse and industrial alcohol permits in the same class with denatured alcohol permits? The fact that the authorities once thought so means only that they thought so. Section 2 of title 3 (27 USCA § 72) provides specifically for "industrial alcohol plants and warehouses." The provision is that "any person hereafter establishing a plant for the production of alcohol" shall "before operation make application, file bond, and receive permit." Section 3 (27 USCA § 73) provides that "warehouses for the storage and distribution of alcohol to be used exclusively for other than beverage purposes may be established upon filing of application and bond, and issuance of permit," etc. Thereafter in the act plants for the production of industrial alcohol and warehouses for the storage of it are coupled together so that the provisions apply without distinction to either.

We have before remarked that the National Prohibition Act classifies alcoholic liquids into those which may immediately be devoted to beverage uses and those which only mediately may be so used. What may be called, for descriptive purposes, pure alcohol, is included in the potable class or class of beverages under the term of "liquors"; denatured alcohol and the other presently nonpotable liquids enumerated in section 4 of title 2 are included in the class of industrial alcoholic fluids under the term of "articles." Permits of the first class for "liquors" automatically expire with the calendar year; permits of the second class last until surrendered or revoked.

Without pursuing the discussion further, we rule that the denatured alcohol permit remains in force without yearly renewal; the alcohol permits expire unless renewed or regranted at the beginning of the calendar year. We are not advised, but assume that the practical difference in the situation of one who holds the two "liquor" or alcohol permits, together with an "article" or denatured alcohol permit, and one who holds only the latter permit, is that the first may himself produce the raw material for the manufacture of denatured alcohol, but the second must procure his supply of alcohol by purchase.

The conclusion already stated disposes of this class of cases. Counsel may submit forms of decrees in accordance herewith.